UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

ALLAN WASONGA ONYANGO, )
)
Plaintiff, ) Civil Action No. 5:11-00288-JBC
)
v. )
) **MEMORANDUM OPINION**
LEXINGTON METRO POLICE ) **AND ORDER**
DEPARTMENT, )
)
Defendant.

***** ***** ***** *****

Allan Wasonga Onyango, confined in the Boone County Jail in Burlington, Kentucky, has filed a 42 U.S.C. § 1983 civil rights Complaint against the Lexington Metro Police Department ("LMPD"), alleging state and federal constitutional claims arising from the deprivation of his personal property.

As Onyango has been granted *in forma pauperis* status, [R. 5], the court now screens his Complaint under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. As explained below, the court will dismiss some claims with prejudice and some claims without prejudice.

**FACTUAL ALLEGATIONS**

Onyango alleges that on July 4, 2009, he and his girlfriend accidentally fell down a flight of steps at his home, suffered injuries, and went to the hospital, where they received medical treatment. The police responded, questioned both Onyango and his girlfriend, and filed a personal injury report classifying the fall as an accident.

On July 7, 2009, an LMPD detective arrested Onyango and charged him with using

a deadly weapon against his girlfriend.  On July 8, 2009, that detective and other LMPD officers searched Onyango's home pursuant to a warrant.  Onyango alleges that on July 9, 2009,

> ". . . six more detectives and three regular officers broke into plaintiff's home acting on the same warrant this particular day they seized plaintiff's Toshiba laptop for extraction of photos documenting possible 'abuse' but no such photos were found in the analysis."

[R. 1, p. 3, ¶ 4].

Onyango states that on May 14, 2010, he pleaded guilty to a misdemeanor assault in violation of KRS 508.030, was immediately taken into the custody of the Department of Homeland Security, and was then transferred to detention centers in Illinois and Wisconsin.

In January 2011, Onyango filed a motion in the Fayette Circuit Court seeking the return of his laptop computer.  On February 1, 2011, Fayette Circuit Judge Pamela Goodwine ordered the LMPD to release Onyango's laptop computer to Enoch Aloo upon Aloo's presenting proper identification.[1]  When Aloo presented his identification and a copy of the Fayette Circuit Court Order to collect the laptop computer, LMPD officials informed Aloo that it had been sold.

Onyango states that his laptop computer contains his personal information; that he needs it for his school work; and that the loss of it has irreparably injured him.  He further alleges that by obtaining an Order from the Fayette Circuit Court directing the LMPD to return his laptop computer to him, he has complied with Federal Rule of Criminal Procedure 41(g) and can now bring this §1983 civil action to recover damages.

---

[1] By letter dated January 21, 2011, Judge Goodwine instructed Onyango to designate someone to collect the computer on his behalf.  [R. 1-1, p. 2].  Onyango designated Aloo.

Onyango asserts that the LMPD arbitrarily, unlawfully, and improperly disposed of his computer in deliberate disregard of the Fayette Circuit Court's Order; deprived him of his personal property; and violated his rights guaranteed by both Section II of the Kentucky Constitution and the Fourteenth Amendment of the United States Constitution.[2] He demands unspecified compensatory, consequential, and punitive damages from the LMPD for the loss of his laptop computer.

**DISCUSSION**

Onyango contends that by confiscating his laptop computer, the LMPD deprived him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution. He also alleges a "taking" claim under the Fifth Amendment of the United States Constitution, seeking redress for the LMPD's "taking" of his laptop computer without just compensation.[3] Onyango's claim that the LMPD deprived him of his property in violation of the Kentucky Constitution is a pendent state-law claim, not a federal constitutional claim.

To prevail on a federal claim alleging the deprivation of personal property without due process of law, a plaintiff must (1) demonstrate that he was deprived of property as a result of established state procedure that itself violates due process rights; or (2) prove that the defendants deprived him of property pursuant to a "random and unauthorized act"

---

[2] Section II of the Kentucky Constitution prohibits "Absolute and arbitrary power over the lives, liberty and property of freemen. . . ." The Fourteenth Amendment of the United States Constitution provides that no State shall ". . . deprive any person of life, liberty, or property, without due process of law."

[3] The Just Compensation Clause in the Fifth Amendment prohibits taking private property for public use without just compensation. U.S.C.A. Const., Amend. V.

and that available state remedies would not adequately compensate him for the loss of the property. *See Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).

Onyango has not satisfied either of these criteria. First, he does not claim that the seizure of his laptop computer resulted from an established policy that violated his due process rights in violation of the Fourteenth Amendment. Onyango alleged that unidentified LMPD officers seized his laptop computer by unlawful means, *i.e.*, that they broke into [his] home. . ." [R. 1, p. 3, ¶ 4], but he then stated that the officers searched his premises pursuant to a search warrant, the legality of which is not in contest. Thus, the seizure of Onyango's laptop computer did not result from an unconstitutional policy.

Second, the issuance of the search warrant also precludes the possibility that the LMPD officers deprived him of his personal property pursuant to a random and unauthorized act. Even if the LMPD had seized the laptop computer in a random and unauthorized manner, Onyango still failed to show that his state remedies for redressing the deprivation are inadequate, and it was his burden to make that showing. *Vicory v. Walton*, 721 F.2d at 1066; *Fox v. Van Oosterum*, 987 F.Supp. 597, 606 (W.D. Mich. 1997).

Onyango's allegation that LMPD officials unlawfully confiscated his personal property during or after the search of his premises amounts to a common-law action for conversion. Accordingly, Onyango had two possible state court remedies available to him: (1) bringing a common-law action for conversion, or (2) asking the state court judge, before whom his criminal charges were filed, to order the return or release of his personal property. *Wagner v. Higgins*, 754 F.2d 186, 192 (6th Cir. 1985). The latter remedy is "a

4

common and well-recognized means for obtaining relief where a defendant seeks the return of property seized from him during a criminal prosecution." *Id*.

Onyango applied to the Fayette Circuit Court and obtained an order directing the LMPD to return his laptop computer, but the item is no longer in the LMPD's possession. Having since learned that the LMPD has either negligently or intentionally disposed of his personal property, Onyango now has another available state court remedy: filing a state court civil action against the LMPD seeking monetary compensation for the taking of his laptop computer. When a plaintiff is unable to recover his confiscated personal property in the criminal proceeding, a state court civil action for conversion to recover the value of the lost or destroyed personal property provides an adequate remedy. *Wagner*, 754 F.2d 191-92; *Bishop v. Johnson*, No. 1:10CV-P115, 2010 WL 3035722, at *3 (W.D. Ky. July 30, 2010); *Brown v. Sander*, No. 1:07CV-P79R, 2008 WL 199893, at *4 (W.D. Ky. January 23, 2008); *Fox v. Van Oosterum*, 987 F.Supp. at 606.

Onyango does not state that he has filed a civil action against the LMPD in either the Fayette District or Circuit Court seeking compensation for the deprivation of his laptop computer, or that such a remedy is inadequate to compensate him for the deprivation of his property. Where state law provides an adequate remedy, such as the civil remedy currently available to Onyango, the negligent or intentional loss or destruction of personal property does not create a violation of the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).

Kentucky's statute of limitations for asserting claims for taking, detaining, or

5

damaging personal property, including an action for specific recovery, is two (2) years from the time the cause of action accrued. KRS § 413.125. Thus, assuming that Onyango's claim accrued on the date on which he learned that his laptop computer had been sold, he has two years from that date in which to file a civil conversion action against the LMPD in either the Fayette Circuit or District Court, depending on the value of his laptop computer. Because Onyango has neither pled nor proven the inadequacy of his remaining state court civil remedy, he has failed to state a Fourteenth Amendment procedural due process claim. That claim will be dismissed with prejudice. 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

For essentially the same reasons, Onyango has not established a Fifth Amendment "takings" claim. The Fifth Amendment prohibits the government from taking private property without just compensation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194 (1985). However, a Fifth Amendment "taking" claim is not ripe in federal court until the owner has (1) pursued his available state remedies and/or procedures to obtain just compensation and (2) been denied compensation in state court. *Coles v. Granville*, 448 F.3d 853, 860 (6th Cir. 2006). This includes pursuing all "reasonable, certain and adequate procedures" for obtaining compensation. *Williamson*, 473 U.S. at 195; *see also DLX, Inc. v. Kentucky*, 381 F.3d 511, 519-520 (6th Cir. 2004).

Again, Onyango does not state that he has filed a state court civil action seeking just compensation for his laptop computer. He therefore cannot establish a "taking" under the Just Compensation Clause of the Fifth Amendment unless and until he shows that he has pursued that state court civil remedy and that it failed to adequately compensate him for his lost property. *Williamson*, 473 U.S. at 194; *Coles*, 448 F.3d 860-61. Because

6

Onyango's Fifth Amendment "takings" claim is not ripe, the court lacks subject matter jurisdiction to hear the claim and will dismiss it without prejudice to Onyango's pursuing his civil remedy in state court.

Finally, because Onyango's two federal claims will be dismissed, the court declines to exercise jurisdiction over his pendent state law claim alleging due process violations of Section II of the Kentucky Constitution. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Taylor v. First of Am. Bank–Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992). Onyango's state law claims will be dismissed without prejudice to his asserting them in a state court civil action.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Allan Wasonga Onyango's Fourteenth Amendment claims alleging the deprivation of his personal property without due process of law are **DISMISSED WITH PREJUDICE**.

2. Onyango's Fifth Amendment claim alleging the taking of his personal property without just compensation is **DISMISSED WITHOUT PREJUDICE** to Onyango's pursuing his civil remedy in state court.

3. Onyango's claims alleging the deprivation of his personal property and due process rights under Section II of the Kentucky Constitution are **DISMISSED WITHOUT PREJUDICE** to Onyango's asserting those claims in state court.

4. Onyango's Complaint, [R.1], is **DISMISSED**.

5. The Court will enter an appropriate Judgment.

This December 21, 2011.

Signed on December 21, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY